UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEVIN LYNCH,
    *Plaintiff,*
v.

AARON'S, LLC,
    *Defendant.*

Case No. 3:24-CV-1567 (OAW)

**RULING COMPELLING ARBITRATION**

This case is before the court upon Defendant's motion to compel arbitration ("Motion"). ECF No. 23. The court has reviewed the Motion and the record in this matter. Plaintiff did not respond to the Motion and the period in which to do so has expired. The court is fully apprised of the premises. For the reasons stated herein, the Motion is **GRANTED.**

This case arises from Plaintiff's employment at Defendant. According to the complaint, Defendant hired Plaintiff in or around January 2022 as an Online Sales Representative, a role for which Plaintiff was qualified and which he performed remotely. Plaintiff has, and his supervisor knew he has, generalized anxiety disorder. Plaintiff alleges that his supervisor was biased against Plaintiff because of this disorder, as evidenced by the supervisor's dismissive and mocking comments about it. Plaintiff further alleges that his supervisor discriminated against him because of his disorder by depriving him of leads, concocting disciplinary issues, and ultimately terminating him. Plaintiff brought suit under Connecticut state law for harassment and discrimination on the basis of disability. Defendant properly removed the case to federal court, and now asks the court to stay this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, and to compel Plaintiff to resolve this dispute through arbitration.

1

The FAA requires courts to enforce a valid arbitration agreement with very few exceptions. The statute "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see also Mitsubishi Motors v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628 (1985) ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."). Rather, "where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [a court] may rule on the basis of that legal issue and 'avoid the need for further court proceedings.'" *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir.2011) (quoting *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir.2003)).

A court confronted with a request to compel arbitration must determine "whether the parties agreed to arbitrate, and, if so, whether the scope of that agreement encompasses the asserted claims." *Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 45 (2d Cir.1993) (quoting *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.*, 923 F.2d 245, 249 (2d Cir.1991), *cert. dismissed*, 501 U.S. 1267 (1991) (internal quotation marks omitted). In so doing, the court should review all relevant, admissible evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). It is the burden of the moving party to show that there was an agreement to arbitrate, *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101–02 (2d Cir. 2022), but

once the existence of a such an agreement is shown, it is the burden of the party opposing arbitration to show that the agreement is inapplicable or invalid, *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010).

The court finds that Defendant has carried its initial burden. Defendant provided Plaintiff with an arbitration agreement during his onboarding process, which agreement he executed electronically on February 18, 2022. *See* ECF Nos. 23-2 and 23-3. This agreement even included an opt-out provision that allowed employees to decline to execute it, but Plaintiff did not follow the prescribed process for opting out. Thus, it is clear that the parties did agree to arbitrate.

Plaintiff did not respond to the Motion, which is grounds enough to find that he has not carried his burden in opposition. But independent review of the agreement reveals that it clearly encompasses the claims alleged here. The arbitration agreement Plaintiff signed provides that all claims arising out of Plaintiff's employment, including those arising under state laws and those alleging discrimination, shall be submitted to arbitration. These are the very claims asserted in this action, and therefore the court must conclude that the arbitration agreement must be given effect.

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Compel Arbitration, ECF No. 23 is **GRANTED.**

    a. The parties are instructed to bring this dispute to arbitration in accordance with the terms of their arbitration agreement.

    b. The Clerk of Court is asked, respectfully, to please stay this action pending resolution by arbitration.

2. The parties are instructed to submit a status report every 90 days, beginning **August 19, 2025,** keeping the court apprised of the progress of the arbitration, and informing the court when all claims are resolved and this action can be closed.

**IT IS SO ORDERED** in Hartford, Connecticut, this 20th day of May, 2025.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE